IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARTRICE SMITH, #11239-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv071 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Petitioner Martrice Smith, a former prisoner confined within the Bureau of Prisons (BOP), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The docket reflects that Petitioner has not communicated with the Court since February 2021, (Dkt. #4). A search for Petitioner within the BOP's online database reveals that he was released from imprisonment on February 4, 2022, but Petitioner since failed to file a notice of a change of address or otherwise communicate with the Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Additionally, Petitioner has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

Here, Petitioner's failure to communicate with the Court—coupled with his failure to provide an updated address, which was required—evince his failure to prosecute his case. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner's failure to prosecute is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Petitioner's failure to prosecute his own case. The Court further recommends that Petitioner be denied a certificate of appealability, *sua sponte*—which refers to this case only and would not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 9th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE